<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4841**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

ANDRE HARVEY,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:05-cr-00357-REP-2)

Submitted:  May 14, 2015                    Decided:  May 21, 2015

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Carolyn V. Grady, Assistant Federal Public Defender, Caroline S. Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Olivia L. Norman, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Harvey pleaded guilty to conspiracy to possess with intent to distribute and distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2012). The district court originally sentenced Harvey to 135 months of imprisonment, followed by four years of supervised release. The court subsequently lowered Harvey's sentence twice on his 18 U.S.C. § 3582(c)(2) (2012) motions, based on two retroactively-applicable amendments to the Guidelines that lowered the offense levels for offenses involving crack. The court first lowered the sentence to 108 months of imprisonment, and later reduced the sentence to time served.

After his release, Harvey pleaded guilty to violating the conditions of his supervised release and the district court sentenced Harvey to 24 months of imprisonment, followed by a further 24 months of supervised release. Harvey now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the revocation sentence is reasonable. Harvey was informed of his right to file a pro se supplemental brief, but he has not done so. Finding no error, we affirm.

We review a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable, generally following the procedural and substantive

considerations employed in reviewing original sentences. <u>United States v. Crudup</u>, 461 F.3d 433, 437 (4th Cir. 2006). Although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory requirements of 18 U.S.C. § 3583 (2012) and 18 U.S.C. § 3553(a) (2012), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." <u>Crudup</u>, 461 F.3d at 439 (internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the sentence imposed is both procedurally and substantively reasonable; it follows, therefore, that the sentence is not plainly unreasonable.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Harvey, in writing, of the right to petition the Supreme Court of the United States for further review. If Harvey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Harvey. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED